Jones, J.
I think it may be regarded as a general rule that when an action for divorce is brought against the'wife, and she, *362 ;in her answer, either denies her guilt, or sets up affirmative defences, such as forgiveness or recrimination, or does both, counsel fees and alimony will be allowed her, unless the court is satisfied that the wife is altogether in the wrong, or has no reasonable ground of defence, in which case, the court, in the exercise of a sound discretion, may refuse counsel fee and alimony.
The numerous cases cited on the argument do not impugn this general rule.; some of these cases merely show what matters the courts have considered to be sufficient to show that the wife is altogether in the wrong, or has no reasonable ground of defence, while others show that under the circumstances detailed in them, the court will hold that the wife has a reasonable ground of defence, and that she is not altogether in the wrong.
Thus, some of those cases hold that if the wife do not deny her guilt under oath, or do not either swear positively to the allegation constituting her affirmative defences, or prove those allegations by the oath of persons having positive knowledge thereof, then'the court will say that either the wife is altogether in the wrong, or has no reasonable ground of defence. Other of the cases hold that if the wife denies her guilt under oath, or positively swears to the allegation in her answer constituting affirmative defences, then, although affidavits may be produced contradicting her positive oath of innocence, or contradicting her positive oath as to the affirmative defences, still the court will be satisfied either that she is not altogether in .the wrong, or that she has a reasonable ground of defence. One case intimates thkt although the wife may not be able to swear to her innocence, and may be able to swear only on information and belief to the allegations constituting her affirmative defences, yet if she produces the positive affidavits of those who know the facts constituting such affirmative defences, then the court will be satisfied that she has a reasonable ground of defence.
In the present case, the defendant, by her original answer, denies her guilt, and sets up, as an affirmative defence, forgiveness by the plaintiff. This answer is not sworn to. By her supplemental answer she sets up, as an affirmative defence, adultery committed by the plaintiff. This answer has the usual verification required by the Code. By this verification she does not swear positively that the recriminatory charges made by her are true of her own knowledge. Indeed, the affidavit which is made on which to found the motion for leave to file a supple *363 mental answer, clearly shows that the only knowledge she had of the recriminatory charges was from information given by others, which information she believed to be true. She has never sworn to her innocence, nor to forgiveness by the plaintiff.
From this statement it is evident that if the application had been made before trial, upon the complaint, answer and supplemental answer, it must have been denied under the authority of the cases cited on the argument.
The question now presents itself whether the fact of a trial having been had by a jury, on issues framed, which resulted in a disagreement, can, under any circumstances, take the case out of the rule which obtains on motions before trial, that if a wife neither swears to her innocence, nor having set up, as an affirmative defence, recriminatory charges on information and belief, which are denied on oath by the husband, brings to support those allegations, affidavits of witnesses who knew the facts, alimony and counsel fees will be denied.
I think it can, and not only that, but can bring the case within that other rule which obtains in motions of this character made before trial, viz.: that although a wife may be unable to swear to her innocence, and may be able to swear in her answer to recriminatory charges on information and belief only, yet if she bring the positive affidavits of those who of their own knowledge know the facts constituting the recriminatory charges, alimony and counsel fees will be allowed, although the husband denies the charges against him under oath.
If the evidence adduced at the trial and its effect on the jury' is such as to show the court that there was positive evidence in support of the recriminatory charges, given by witnesses who of their own knowledge knew the fact, and the jury disagreed, then the wife, on motion after judgment, stands in the same (if not better) position than she would on a motion made before trial founded on the affidavits of the witnesses, embodying therein the matters testified to by them on the trial. . •
The defendant in this ciase occupies this position. There was affirmative evidence adduced in support of the recriminatory charges against plaintiff" by parties who professed to know the facts of their own knowledge. This matter was litigated, as well as all others. The jury disagreed. Throwing out of consideration the card of the jurors—which, being a mere e.x parte statement, not under the sanction of an oath, should have no influ *364 ence on the decision of this motion—it is impossible to say on what issue the jury disagreed, or how they stood., For aught the court knows, they disagreed on the issue of the recriminatory charges, and on that stood eleven for the defendant against one for the plaintiff. In such case the court cannot say she has no reasonable ground of defence.
But let us consider the card of the jurors. By that it appears that the disagreement was on the recriminatory charges, and that the jury stood two for the defendant against ten for the plaintiff. If she, on the past trial, has been able to produce such proof of the truth of her recriminatory charges as to cause two of the jurors to believe them to be true, the court cannot say but that she may ultimately succeed in causing the whole twelve to believe them true.
Defendant, in my view, stands in a far better position than if she had made her motion before trial on ex parte affidavits made by the persons whom she called on the trial to prove her recriminatory charges.. If in such case she would be allowed alimony and counsel fees, notwithstanding the denial on oath by her husband (see Osgood v. Osgood, 2 Paige, 161), she should now be allowed them, after those persons have given their testimony orally, and been cross-examined with the result of impressing two jurors with the truth of their statements.
All the cases cited on the argument were cases of motions before trial. I think they have, no application to this case, and, under all the circumstances, I feel I would not be warranted in holding that defendant lias no reasonable ground of defence.
But it is urged that the story told by the witnesses who swore in support of this defence is too improbable to be believed. Yet at least two of the jurors, who were sworn well and truly to try the issues, and give a true verdict according to the evidence, not only considered it probable but believed it to be true. It cannot be answered that they were recreant to their oath; on the contrary, it must be assumed that such was their honest opinion. The fact that ten jurors believed otherwise can have but little weight. Men’s minds run in different channels.
Although the minds of these ten were so differently constituted from the minds of the two as to lead them to a different conclusion, yet I cannot undertake to say that on the *365 next jury summoned iron the inhabitants of this large city, the minds of the whole twelve may not be so constituted so nearly alike to the minds of the two as to lead them to the same conclusion that these two arrived at.
I do not intend to express my opinion on the question whether the bare disagreement of a jury on the issue of the guilt or innocence of the wife, she ' never having denied her guilt under oath, would be sufficient to satisfy the court cither that she was not entirely in the wrong, or that she had a reasonable ground of defence.
It is urged that defendant is in contempt of the Supreme Court, and that as the granting of this motion is a matter of favor, it should not be granted while she is in contempt. I do not so understand the doctrine on this subject; I understand it thus: If a party being in contempt of a court asks that same court for a favor, the court will not grant it, and on this ground; a court will not allow a party to say : “ I contemn your authority; I will act in opén disregard and defiance of it; and while defying you, I will ask you whom I thus contemn and defy to grant me a favor.” The reason of the rule does not apply when the favor is asked of one court while the contempt is against another.
The authority of the court in which the favor is asked has not been defied. I think, moreover, that it is very doubtful whether the bare fact that a party is charged in ex parte affidavits (although there is no denial of them) with having wilfully disobeyed an order of the court will be sufficient to induce that court withhold a favor from such party. I am inclined to the opinion that to induce a court to withhold a favor on the ground that the applicant is in contempt, such party must have been adjudged by the court to be in contempt.
It is insisted that if the motion is granted it should be on condition that defendant consents to a reference. I see no reason why a wife should be forced to forego her right of a trial by jury simply because she wishes to be provided with means to conduct her defence, and to be supported pending the litigation.
I have come to the conclusion that counsel fees and alimony should be allowed. As, however, defendant’s counsel on the argument expressly waived and abandoned that portion of the motion which called for alimony, and declined to receive it, *366 I shall not order it. The court will not thrust on a party a favor which he does not ask but expressly declines.
With respect to the amount to, be allowed for counsel fees, I am of opinion that, under all the circumstances, the sum of one thousand dollars should be allowed, with liberty to the defendant to move to increase it on further affidavits, showing more positively and clearly the extent of plaintiff’s interest in his father’s estate, whether he realizes anything therefrom, and if so, how much.
let an order be entered directing the plaintiff to pay to defendant or her counsel, Messrs. McKeon & Gerry, one thousand dollars toward the expenses of defending this action', with liberty to defendant to move to increase the amount on further affidavits showing more clearly and positively the extent of plaintiff’s interest in his father’s estate, whether he realizes anything therefrom, and if so, how much. Bo costs of this motion to either party. The order to be máde without imposing any condition on defendant